IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERTO | : | MOTION TO VACATE |
| MORENO-GONZALEZ, | : | 28 U.S.C. § 2255 |
| BOP # 91859-079, | : | |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:03-CR-493-ELR-JEM-14 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:24-CV-3582-ELR-JEM |

**FINAL REPORT AND RECOMMENDATION**

Movant, Roberto Moreno-Gonzalez, submitted a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 2690.) The matter is before the Court for a preliminary review of the § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons stated below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as impermissibly successive.

**I.     DISCUSSION**

The undersigned first sets forth the procedural history relevant to the present § 2255 motion. A jury found Movant guilty of conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii), 841(b)(1)(A)(vii), 841(b)(1)(A)(viii), and 846. (*See* Doc. 2168 at 1.) On February 25, 2009, the District Court, *Evans, J.*, filed the judgment and commitment, sentencing Movant to 400 months of imprisonment, followed by five years of supervised release. (*Id.* at 2-3.) On

January 19, 2010, the Eleventh Circuit affirmed. *See United States v. Moreno-Gonzalez*, 361 F. App'x 120 (11th Cir. 2010) (per curiam). (Doc. 2267.)

On January 18, 2011, Movant filed his first § 2255 motion. (Doc. 2357.) On May 23, 2011, the District Court, *Evans, J.*, denied the § 2255 motion on the merits. (Doc. 2403.) On August 5, 2011, the Eleventh Circuit denied a certificate of appealability. (Doc. 2432.) On December 15, 2011, the United States Supreme Court denied certiorari. (Doc. 2458.) On December 10, 2015, the District Court, *Evans, J.*, reduced Movant's term of imprisonment to 324 months, pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 2557.)

On June 13, 2024, Movant executed the present § 2255 motion. (Doc. 2690 at 12.) Movant seeks resentencing under United States Sentencing Guidelines Amendment 821. (*Id.* at 4.) Movant also filed a motion for reduction of sentence pursuant to § 3582(c)(2), in which he seeks the same relief. (Doc. 2688.)

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." 28 U.S.C. foll. § 2255, Rule 4(b). Unless the Eleventh Circuit authorizes a second or successive § 2255 motion, the District Court lacks subject matter jurisdiction to consider such a motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

Because Movant's first § 2255 motion was denied on the merits, he must obtain authorization from the Eleventh Circuit for the District Court to consider a second or successive § 2255 motion. Movant has failed to obtain the necessary

authorization. Therefore, the District Court lacks subject matter jurisdiction to consider the present § 2255 motion. *See United States v. Florence*, 411 F. App'x 230, 231 (11th Cir. 2011) (stating that absent authorization to file second or successive § 2255 motion, district court lacks subject matter jurisdiction).

The § 3582(c)(2) reduction of Movant's sentence on December 10, 2015, does not affect that outcome. Section 3582(b) provides the following: "Notwithstanding the fact that a sentence [of] imprisonment can subsequently be (1) modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b); *see also United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that "a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing"). Therefore, "a sentence reduction under § 3582(c) does not constitute a new, intervening judgment for purposes of [the] bar on a second or successive [§ 2255 motion] . . . ." *Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021); *see also Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) (holding that § 3582(c)(2) reduction "does not allow a prisoner to avoid the bar on successive § 2255 motions"); *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (holding that § 3582(c)(2) reduction "does not wipe clean the slate of habeas applications that [a § 2255 movant] has previously filed"); *White v. United States*, 745 F.3d 834, 837 (7th Cir. 2014) (holding that § 3582(c)(2) reduction "does not reset the [collateral motion] count, for purposes of § 2244 and § 2255"); *Sherrod v. United*

*States*, 858 F.3d 1240, 1242 (9th Cir. 2017) (per curiam) (agreeing with *Jones* and *White*).

Movant fails to address the issue of subject matter jurisdiction, but he argues that his motion is timely because Amendment 821 was adopted on August 24, 2023. (Doc. 2690 at 11.) There is no need to address Movant's argument regarding timeliness because subject matter jurisdiction is absent. *See Lovett v. United States*, Nos. 1:03-CR-139-CC-LTW & 1:12-CV-815-CC, 2012 WL 1134795, at *1 (N.D. Ga. Apr. 4, 2012) ("The issue in this case is not whether Movant timely filed his current motion seeking relief under § 2255, but whether the Court has jurisdiction to consider the motion at all.").

Movant also may not obtain resentencing under Amendment 821 by pursuing a § 2255 motion. "[T]he proper way to request [a sentence] reduction is not via § 2255, but rather via a motion in [the] criminal case under 18 U.S.C. § 3582(c)(2) for modification of [the] sentence on the basis of [a sentencing amendment]." *Hardin v. United States*, Nos. CR111-365 & CV115-023, 2015 WL 1419173, at *1, *4 (S.D. Ga. Mar. 27, 2015) (citing cases). In the present case, Movant's motion for reduction of sentence pursuant to § 3582(c)(2) is pending before the District Court. (Doc. 2688.)

## II.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that (1) the § 2255 motion (Doc. 2690) be **DISMISSED** as impermissibly successive, and (2) civil action number 1:24-CV-3582-ELR-JEM be **CLOSED**.[1]

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**SO RECOMMENDED**, this 3rd day of September, 2024.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned offers no recommendation regarding a certificate of appealability because 28 U.S.C. § 2253(c) does not apply to this case. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam) (explaining that (1) dismissal of habeas petition for lack of subject matter jurisdiction is not "a final order in a habeas corpus proceeding" within the meaning of § 2253(c), and (2) Eleventh Circuit has jurisdiction to review dismissal under 28 U.S.C. § 1291); 28 U.S.C. foll. § 2255, Rule 11(a) (indicating that § 2253(c) generally applies to § 2255 motions).